COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

MICHAEL SHAVON BRADLEY,                                  No. 08-12-00056-CR

§

      Appellant,                                                    Appeal from

§

v.                                                                   396th District Court

§

THE STATE OF TEXAS,                                       of Tarrant County, Texas

§

      Appellee.                                                     (TC # 1230023D)

§

## **O P I N I O N**

Michael Shavon Bradley appeals his conviction of possession of a prohibited weapon. A jury found Appellant guilty, made an affirmative deadly weapon finding, and assessed his punishment at imprisonment for four years. We reverse the judgment of the trial court and render a judgment of acquittal.

## **FACTUAL SUMMARY**

Jack Mann, an asset protection officer employed by Walmart, observed Appellant conceal a box of ammunition and leave the store without paying for it. Mann confronted Appellant and a struggle ensued. During the struggle, Appellant reached for his waistband and pocket. The police arrived and took Appellant into custody. A search of Appellant's person revealed he was carrying several items, including the .410 shotgun shells taken from Walmart, a flare gun modified to fire .410 shotgun rounds, a smokeless-gunpowder-filled piece of bamboo

with an improvised fuse attached, and matches. The police executed a search warrant for Appellant's apartment and found additional pieces of bamboo, shotgun shells, a flare gun modified to shoot .410 shotgun shells, smokeless gun powder, and matches connected in the same manner as the fuse on the device found on Appellant's person.

A grand jury indicted Appellant for possession of a prohibited weapon, to-wit: a zip gun in cause numbers 1230022D and 1230023D. In a third case, cause number 1230024D, the grand jury returned a two-paragraph indictment against Appellant alleging that he knowingly possessed components of an explosive weapon, to-wit: gun powder and ignition source with the intent to combine the components into an explosive weapon for use in a criminal endeavor (Paragraph One), and he knowingly possessed components of an explosive weapon, to-wit: improvised explosive device with the intent to combine the components into an explosive weapon for use in a criminal endeavor (Count II). A jury found Appellant guilty and made an affirmative deadly weapon finding in all three cases, and assessed his punishment at imprisonment for four years in each case.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence supporting his conviction. The State responds that the evidence is legally insufficient because the modified flare gun possessed by Appellant cannot be a zip gun. A confession of error by the prosecutor is significant but not conclusive when reviewing an appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex.Crim.App. 2002). The appellate court must make an independent examination of the merits of the claim of error.

### *Standard of Review and Applicable Law*

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99

S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). Under the *Jackson* standard, a reviewing court must consider all evidence in the light most favorable to the verdict and in doing so determine whether a rational justification exists for the trier of fact's finding of guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to those determinations. *See Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the trier of fact resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the trier of fact reached a rational verdict. *Id*. We may not reevaluate the weight and credibility of the evidence produced at trial and in so doing, substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).

A person commits an offense if he intentionally or knowingly possesses, manufactures, transports, repairs, or sells a zip gun. TEX.PENAL CODE ANN. § 46.05(a)(9)(West Supp. 2012). The Penal Code defines a zip gun as a device or combination of devices that was not originally a firearm and is adapted to expel a projectile through a smooth-bore or rifled-bore barrel by using the energy generated by an explosion or burning substances. TEX.PENAL CODE ANN. § 46.01(16). A firearm is any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. TEX.PENAL CODE ANN. § 46.01(3).

The evidence at trial prove that Appellant possessed a modified flare gun. The State concedes that a flare gun is a device that is made to expel a projectile (the flare) through a barrel

using the energy generated by an explosion or burning substance, and therefore, a flare gun is a firearm under Texas law. A zip gun is a device that was not originally a firearm. TEX.PENAL CODE ANN. § 46.01(16). Because a flare gun is a firearm under Section 46.01(3), a modified flare gun cannot be a zip gun. Accordingly, the evidence is legally insufficient to support Appellant's conviction of possession of a zip gun. We sustain the sole issue on appeal, reverse the judgment of the trial court, and render a judgment of acquittal.

October 30, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)